It indefinitely appears from the record that appellant had been assessed a fine of $100 for some violation of the liquor laws by the county court of Wilbarger County.

We are unable to find grounds for jurisdiction in this court to consider whatever question might have been in the mind of appellant. In the first place, the record before us shows that some procedure was had in the county court in vacation. This appears to be a motion in arrest of judgment which was not presented at the time and manner provided by law—Article 2232, Vernon's Ann.Civ.St. with annotations. Again it is shown that the record was mailed to this court by the attorney repre-

## OSBY v. STATE.
### No. 22548.

Court of Criminal Appeals of Texas.
June 9, 1943.

Rehearing Denied June 25, 1943.

Alex P. Pope, of Tyler, for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

Driving an automobile upon a public highway while intoxicated is the offense; the punishment, a fine of $50.

The record is before us without statement of facts or bills of exception. Nothing is presented for review.